IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RONALD DEAN McCOY, | ) | 8:06CV566 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| UNITED STATES OF AMERICA | ) | |
| and NEIL GOLDSTEIN, M.D., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before court on the government's motion to dismiss, or, in the alternative, motion for summary judgment (filing 44). The motion to dismiss, filed pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), will be denied, but the motion for summary judgment, filed pursuant to Federal Rule of Civil Procedure 56, will be granted.

This is a medical malpractice case in which the plaintiff, Ronald Dean McCoy, alleges that he was injured on September 23, 2003, while undergoing a radiology procedure at a Veterans Administration facility in Omaha, Nebraska. He alleges that the procedure was performed by Neil Goldstein, M.D., an independent contractor, with the assistance of VA physicians and other VA medical personnel.[1] Liberally

---

[1] This case is related to a dismissed action, Case No. 4:05CV3297, which was removed to this court from state court on December 1, 2005. In that case, McCoy sued the VA facility and one of its physicians for negligence, and also sued two companies that marketed a medical device that allegedly malfunctioned during the radiology procedure. After the United States was substituted as a defendant for the VA facility and its physician, the medical malpractice claim was dismissed without prejudice for failure to exhaust administrative remedies. McCoy was later granted leave to file an amended complaint again naming the United States as a defendant, and alleging satisfaction of the exhaustion requirement, but he instead elected to file

construed, McCoy's amended complaint (filing 42) states an actionable claim for negligence against the United States under the Federal Tort Claims Act.

McCoy has not responded to the pending motion,[2] and, pursuant to our local rules, I deem the government's statement of material facts to be admitted.[3] Without going into detail, those facts show that McCoy's medical expert has not opined that McCoy's injuries were caused by the negligence of anyone at the VA facility other than Dr. Goldstein, who was the responsible physician for the radiology procedure.[4] Under Nebraska law,[5] "[i]n a malpractice action involving professional negligence,

---

a separate action (*i.e.*, this case). The product liability claim in Case No. 4:05CV3297 was subsequently dismissed with prejudice by joint stipulation. It is alleged in the present action that administrative remedies have been exhausted because McCoy filed a claim with the VA on September 21, 2005, and the agency did not take final action on the claim within 6 months.

[2] The government's motion was filed on August 23, 2007. McCoy's response was due on September 17, 2007. See NECivR 6.1(b), 7.1(b)(1)(B) and 56.1(b)(2).

[3] "The party opposing a motion for summary judgment shall include in its brief a concise response to the moving party's statement of material facts. . . . Properly referenced material facts in the movant's statement will be deemed admitted unless controverted by the opposing party's response." NECivR 56.1(b)(1) (emphasis in original).

[4] McCoy's expert criticized the VA facility for not retaining the medical device that allegedly malfunctioned, but this after-the-fact failure to comply with quality control standards is not shown to have contributed to McCoy's injuries.

[5] "The FTCA waives the government's immunity in certain tort suits by providing that the 'United States shall be liable [for torts] . . . in the same manner and to the same extent as a private individual under like circumstances.' 28 U.S.C. § 2674. This provision is sometimes called the 'private analogue' requirement. . . . The determination of whether a private analogue exists is made in accordance with the law of the place where the relevant act or omission occurred. 28 U.S.C. § 1346(b)(1)." *Barnes v. United States*, 448 F.3d 1065, 1066 (8th Cir. 2006).

2

the burden of proof is upon the plaintiff to demonstrate the generally recognized medical standard of care, that there was a deviation from that standard by the defendant, and that the deviation was the proximate cause of the plaintiff's alleged injuries." *McLaughlin v. Hellbusch*, 591 N.W.2d 569, 572 (Neb. 1999). "The burden of establishing these elements '"rests upon the plaintiff's introduction of expert medical testimony."' *Id.* (quoting *Anderson v. Moore*, 275 N.W.2d 842, 849 (Neb. 1979), in turn quoting *Kortus v. Jensen*, 237 N.W.2d 845 (Neb. 1976)).

The government has also presented substantial evidence to prove that Dr. Goldstein worked at the VA facility as an independent contractor,[6] a fact that was already admitted by McCoy in his pleading. The United States is not responsible for the torts of government contractors. *Knudsen v. United States*, 254 F.3d 747, 750 (8th Cir. 2001) (no vicarious liability for psychologist working at VA as an independent contractor). Significantly, McCoy does not allege that the United States is independently liable for failing to supervise Dr. Goldstein, nor does there appear to be any evidence that would support the making of such a claim.

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). *See also Egan v. Wells Fargo Alarm Servs.*, 23 F.3d 1444, 1446 (8th Cir.1994). It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue. *Bell v. Conopco, Inc.*, 186 F.3d 1099, 1101 (8th Cir. 1999). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. *Dancy v. Hyster Co.*, 127 F.3d 649, 652 (8th Cir. 1997).

---

[6] More particularly, the government's evidence shows that Dr. Goldstein was an employee of an independent contractor, and that the VA facility's contract with his employer did not give the VA facility any supervisory authority over him.

3

In order to withstand a motion for summary judgment, the nonmoving party must substantiate their allegations with "'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.'" *Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)). Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Rule 56(e) provides that, when a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250. Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324.

In this case, the United States has shown conclusively that it is not liable for McCoy's injuries. The United States therefore is entitled to the entry of summary judgment, and I find no just reason for delay in entering final judgment in its favor.

*See* Fed. R. Civ. P. 54(b). The action will proceed only against Dr. Goldstein, once he has been served with summons.

IT IS ORDERED that the United States' motion to dismiss, or, in the alternative, motion for summary judgment (filing 44), is granted in part and denied in part, as follows:

1. The motion to dismiss is denied in all respects.

2. The motion for summary judgment is granted, and, there being no just reason for delay, a final judgment in favor of the United States will be entered immediately by separate document.

October 12, 2007.               BY THE COURT:

                                s/ *Richard G. Kopf*
                                United States District Judge