IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RONALD DEAN McCOY, | ) | 8:06CV566 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEIL GOLDSTEIN, M.D., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before court on the defendant's motion to dismiss (filing 50), filed pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] The plaintiff has failed to respond to the motion. Because it appears from the face of the plaintiff's amended complaint that his medical malpractice claim against the defendant is barred by the applicable statute of limitations, the motion to dismiss will be granted and a final judgment entered.[2]

---

[1] The defendant's brief includes an alternative request that the court grant summary judgment in his favor, based on a statute of limitations defense, and an index of evidence has been filed "in support of [his] Brief ...." (Filing 52.) However, the court declines to consider these evidentiary materials or to convert the defendant's Rule 12(b)(6) motion into a Rule 56 motion. *See Casazza v. Kiser*, 313 F.3d 414, 417-18 (8th Cir. 2002) (Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because one party submits additional matters in support of or in opposition to the motion; for example, a district court does not convert a motion to dismiss into a motion for summary judgment when it does not rely upon an affidavit in dismissing a claim, or when the district court makes clear that it ruled only on the motion to dismiss).

[2] The sole original defendant to this action was the United States of America. A final judgment in its favor was entered on October 12, 2007, after the court found on motion for summary judgment that the Veterans Administration is not liable for the plaintiff's alleged injuries.

The plaintiff, Ronald Dean McCoy, alleges in his amended complaint that "on September 23, 2003, [he] underwent an elective diagnostic and therapeutic percutaneous interventional radiologic procedure at the Department of Veterans Affairs Nebraska Western Iowa Health Care System (VA) at its Omaha, Douglas County facility." (Filing 42, ¶ 10.)  The defendant, Neil Goldstein, M.D., who was an independent contractor for the VA, performed the procedure. (*Id.*, ¶¶ 3, 11.)  "The procedure involved the placement of multiple stents within the major blood vessel of Plaintiff's pelvis (the common iliac arteries).  Following the completion of the interventional radiology procedure, Defendant Dr. Neil Goldstein attempted and failed to place an Angio-Seal device through the right common femoral artery." (*Id.*, ¶ 12.)  "Unfortunately, Defendant Dr. Neil Goldstein failed to properly engage the Angio-Seal device and subsequently, the Angio-Seal device malfunctioned, and the Sheath was pulled prematurely.  The procedure was complicated by significant bleeding (haemodynamically unstable exanguination) from an injury to the main blood vessel in Plaintiff's right leg (the common femoral artery)."  (*Id.*, ¶ 13.) "Consequently, Plaintiff required an emergency vascular surgical procedure on September 23, 2003 to repair an injury to the main blood vessel of his right leg, a complication which directly resulted from his elective interventional percutaneous procedure and failure to control active exanguination from this blood vessel in his right leg/groin."  (*Id.*, ¶ 14.)  "As a direct result of the incident described above, the Plaintiff suffered severe personal injuries, including, but not limited to, muscular skeletal impairment."  (*Id.*, ¶ 16.)  McCoy alleges that Dr. Goldstein was "negligent in failing to exercise that degree of skill and care, or to possess the degree of knowledge ordinarily exercised or possessed by medical personnel in Omaha, Nebraska or similar communities."  (*Id.*, ¶ 22.)

This action was commenced against the United States on August 30, 2006, following exhaustion of administrative remedies under the Federal Tort Claims Act.[3]

---

[3] This case is related to a dismissed action, Case No. 4:05CV3297, which was removed to this court from state court on December 1, 2005.  In that case, McCoy

McCoy did not request leave to file an amended complaint adding Dr. Goldstein as a defendant until May 15, 2007.  (Filing 34.)  McCoy alleged that he had discovered while taking  Dr. Goldstein's deposition on March 19, 2007, that Dr. Goldstein was an independent contractor rather than an employee of the VA.  (*Id.*, ¶¶ 1, 2.)  Leave to amend was denied at first for noncompliance with our local rules, but the motion was renewed on June 22, 2007, and leave to amend was eventually granted by the court on August 7, 2007.  (Filings 38, 39, 41.)  The amended complaint was filed on August 23, 2007; in it McCoy alleges that the court has jurisdiction over the claim against Dr. Goldstein based on diversity of citizenship.  (Filing 42, ¶¶ 1, 3, 8.) Dr. Goldstein entered a voluntary appearance on November 11, 2007.  (Filing 49.)

Dr. Goldstein claims that the applicable statute of limitations for this diversity action is Neb. Rev. Stat. § 44-2801, which is part of the Nebraska Hospital-Medical Liability Act (NHMLA).  However, the NHMLA only applies to health care providers who qualify under the Act.  Because the pleadings do not allege that Dr. Goldstein qualified under the Act (which, among things, places dollar caps on damages), the plaintiff's common law remedies may be unaffected.  *See* Neb. Rev. Stat. § 44-2821(1) (West, WESTLAW through 2007 Legis. Sess.) ( "Any health care provider who fails to qualify under the Nebraska Hospital-Medical Liability Act shall not be covered by the provisions of such act and shall be subject to liability under doctrines

---

sued the VA facility and one of its physicians for negligence, and also sued two companies that marketed a medical device that allegedly malfunctioned during the radiology procedure.  After the United States was substituted as a defendant for the VA facility and its physician, the medical malpractice claim was dismissed without prejudice for failure to exhaust administrative remedies.  McCoy was later granted leave to file an amended complaint again naming the United States as a defendant, and alleging satisfaction of the exhaustion requirement, but he instead elected to file a separate action (*i.e.*, this case).  The product liability claim in Case No. 4:05CV3297 was subsequently dismissed with prejudice by joint stipulation.  It is alleged in the present action that McCoy exhausted his administrative remedies by filing a claim with the VA on September 21, 2005, which then was not acted upon within 6 months.

3

of common law.  If a health care provider shall not so qualify, the patient's remedy shall not be affected by the terms and provisions of the act.").

For purposes of deciding the pending motion to dismiss, however, it is immaterial whether the NHMLA applies because § 44-2801 is virtually identical to Neb. Rev. Stat. § 25-222, which applies to professional negligence actions governed by the common law.  Under either statute of limitations, "an action for damages against a health care provider . . . must be commenced within two years next after the alleged act or omission in rendering or failing to render professional services providing the basis for such action, except that if the cause of action is not discovered and could not be reasonably discovered within such two-year period, the action may be commenced within one year from the date of such discovery or from the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier." *Giese v. Stice*, 567 N.W.2d 156, 162 (Neb. 1997) (recognizing that the language of § 44-2828 is identical in all material respects to that of § 25-222).

This action was not brought within 2 years after the alleged act of negligence by Dr. Goldstein:  The radiology procedure was performed on September 23, 2003, and later that same day McCoy underwent emergency surgery to repair an injury to his right femoral artery that allegedly resulted from Dr. Goldstein's failed placement of an Angio-Seal device in the artery.  Despite this known injury, suit was not filed until August 30, 2006.  Thus, even disregarding the fact that the amended complaint adding Dr. Goldstein as a party was not filed until nearly a year later, it appears that the professional negligence claim against him is time-barred.

Under Nebraska law, a cause of action for medical malpractice accrues, and the statute of limitations begins to run, as soon as the act or omission occurs; the 1-year discovery exceptions in § 25-222 and § 44-2801 are tolling provisions that apply only when the injured party did not discover and could not reasonably have discovered the existence of the cause of action within the 2-year limitations period.

4

*See Alston v. Hormel Foods Corp.*, 730 N.W.2d 376, 385-86 (Neb. 2007). "Discovery, as applied to statutes of limitations, refers to the fact that one knows of the existence of an injury or damage and not that he or she has a legal right to seek redress in court." *Anonymous v. Vasconcellos*, 727 N.W.2d 708, 714 (Neb. App. 2007) (quoting *Georgetowne Ltd. Part. v. Geotechnical Servs.*, 430 N.W.2d 34, 37 (1988)). "For a limitation period to begin to run, it is not necessary that a plaintiff have knowledge of the exact nature or source of a problem, but only that a problem exists." *Nuss v. Alexander*, 691 N.W.2d 94, 99 (Neb. 2005).

"Generally, a motion to dismiss may be granted when a claim is barred under a statute of limitations." *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004). That is, even though the statute of limitations is an affirmative defense, *see* Fed. R. Civ. P. 8(c), when it appears from the face of the complaint itself that the limitation period has run, a limitations defense may properly be asserted through a Rule 12(b)(6) motion. *See Varner*, 371 F.3d at 1016. *See also Smeal v. Olson*, 644 N.W.2d 550, 557 (Neb. 2002) ("If a petition alleges a cause of action ostensibly barred by the statute of limitations, such petition, in order to state a cause of action, must show some excuse tolling the operation and bar of the statute."); *Giese*, 567 N.W.2d at 165 ("[A] plaintiff seeking to invoke the 'discovery' clause to toll the statute of limitations for professional negligence must allege more than a conclusion that the cause of action was not and reasonably could not have been discovered within the 2-year period; the petition must allege facts explaining *why* this is so.") (emphasis in original). Because McCoy has not alleged or presented any facts showing that the statutory discovery rule should apply to toll the running of the statute of limitations, or that there is any equitable reason why Dr. Goldstein should not be permitted to raise the limitations defense,[4] the motion to dismiss will be granted.

---

[4] Although McCoy alleged in support of his motion for leave to amend that he discovered on March 19, 2007, that Dr. Goldstein was not a VA employee, there is no allegation that McCoy previously was misled by the defendant.

Accordingly,

IT IS ORDERED that the defendant's motion to dismiss (filing 50) is granted.
Final judgment shall be entered by separate document.

March 5, 2008.                               BY THE COURT:

                                            s/ *Richard G. Kopf*
                                            United States District Judge